**Carlton Ray BACY, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2-91-147-CR.**

Court of Appeals of Texas,
Fort Worth.

March 24, 1992.

Discretionary Review Refused
June 24, 1992.

---

David L. Richards, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., C. Chris Marshall, Steven Conder, Robert K. Gill, Elizabeth Cottingham, Asst. Dist. Attys., Fort Worth, for appellee.

Before WEAVER, C.J., and FARRIS and LATTIMORE, JJ.

## OPINION

FARRIS, Justice.

Bacy was convicted of aggravated robbery with a deadly weapon and the jury assessed his punishment at imprisonment for ninety-nine years and $10,000 fine. On appeal he raises a Batson point and complains of improper jury argument. We find the Batson point was not preserved and that the State's argument asking the jury to send a message to a codefendant's attorney was harmless.

The judgment is affirmed.

█ In his first point, Bacy complains of the State's peremptory challenge of Vinubhai V. Soni described by the trial court as "an individual of dark complexion, [apparently] Indian or Pakistani." Because Bacy did not object or otherwise comment on the State's striking Soni, we overrule his first point of error.

█ If Bacy believed the Soni strike was racially motivated, he had standing to object even though he was not of the same race as Soni. The Equal Protection Clause prohibits the State from excluding qualified, unbiased persons from jury service solely because of their race thereby foreclosing a significant opportunity to participate in civic life. *See Powers v. Ohio,* — U.S. ——, 111 S.Ct. 1364, 1370, 113 L.Ed.2d 411, 427 (1991). Both the accused and the excluded juror have a common interest in eliminating discrimination from the courtroom, and it is both necessary and appro-

priate that the accused raise the juror's right to not be discriminately excluded. *Id.* at ——, 111 S.Ct. at 1372, 113 L.Ed.2d at 427.

Before the jury was sworn, Bacy raised his Batson complaint specifically objecting to the State's strikes of one Hispanic and two blacks. The trial court noted that the jury, as seated, included an Hispanic and an Asian, but no blacks. The trial court also commented on the apparent nationality of Soni. The trial court then made a prima facie finding that the State had purposefully discriminated in exercising its strikes because no African–Americans were seated on the jury, and asked the State to explain its strikes. The State explained its reasons for striking not only the two blacks but also the Hispanic identified in Bacy's objection. The trial court then found that there was a racially neutral explanation for the State's striking those jurors not seated, and Bacy made no further comment or objection.

Bacy concedes he did not refer to Soni but contends he objected to the exclusion of jurors who were racial minorities. He argues that his objection coupled with the trial court's finding of purposeful discrimination required the State to advance a racially neutral reason for striking Soni. Leaving aside the question of whether or not Soni was sufficiently identified as a member of a racial minority, we reject this argument because the general objection was not sufficient to preserve error, and the trial court's prima facie finding was that there had been a purposeful discrimination because no *African–American* was on the jury, thus the State was not called upon to explain the Soni strike.

█ In point two, Bacy complains of the trial court permitting the State to argue, after conclusion of the guilt/innocence phase, that his codefendant's attorney had been in the courtroom during the trial and they should send him a message. Bacy's trial objection was that the argument was a reference to things not in the record. On appeal, Bacy contends the State, by its argument, told the jurors their verdict could aid it in its prosecution of the codefendant, Von Diggs. We overrule point two because the only matter, not in evidence, which the jurors could have learned from the State's argument was that Von Diggs' attorney was present.

It is not reasonable to conclude that jurors would assume, from learning of the attorney's presence, that finding Bacy guilty would aid the State in its prosecution of Von Diggs, because it had been Bacy's defensive theory that Von Diggs alone was responsible for the offense. It is more reasonable to assume the jurors would conclude that finding Bacy not guilty would send a message that they believed Von Diggs alone was responsible, or, conversely, that convicting Bacy would tell Von Diggs that a jury was less likely to hold him primarily responsible for the crime. In conclusion, if the trial court erred in overruling Bacy's objection, the error was so insignificant that it is certain the error did not disrupt the jury's orderly evaluation of the evidence and was certainly harmless. *See Harris v. State*, 790 S.W.2d 568, 587–88 (Tex.Crim.App.1989); *Burton v. State*, 805 S.W.2d 564 (Tex.App.—Dallas 1991, pet. ref'd).

The judgment is affirmed.

## JUDGMENT

This Court has considered the record on appeal in this case and is of the opinion that there was no error in the judgment of the trial court.

It is the order of this Court that the judgment of the trial court is affirmed, that the appellant pay all costs of the appeal and that this decision be certified below for observance.