Robert J. **STEWART**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–97–715–CR.

Court of Appeals of Texas,
Fort Worth.

Feb. 25, 1999.

Rehearing Overruled Aug. 12, 1999.

---

Hill, Beatty, Butcher & Gallagher, Allan K. Butcher, and Allan K. Butcher, Jr., Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., Charles M. Mallin, Danielle A. Legault, Lisa Amos, and Sharon Johnson, Asst. Dist. Attys., Fort Worth, for appellee.

Before DAUPHINOT, RICHARDS, and HOLMAN, JJ.

## OPINION

DAVID L. RICHARDS, Justice.

Appellant was convicted of aggravated sexual assault of a child and sentenced by the jury to a term of forty-five years' confinement. In point one, he argues the evidence is factually insufficient to support the verdict. In five subsequent points, he contends the trial court erred in: permitting the prosecutor to comment on his failure to testify at the punishment phase; refusing to allow him to rebut or argue against an assertion by the State that probation equaled immediate release; allowing the prosecutor to make an improper jury argument; and refusing to permit the introduction of relevant evidence proffered by the defense. We will affirm.

■■■ We begin with the question of whether the evidence is factually sufficient. Pursuant to *Clewis v. State,* 922 S.W.2d 126, 129–30 (Tex.Crim.App.1996), appellate courts must now review factual sufficiency challenges in criminal cases. In conducting this review, we are to view "all the evidence without the prism of 'in the light most favorable to the prosecution.' " *Id.* at 129 (citing *Stone v. State,* 823 S.W.2d 375, 381 (Tex.App.—Austin 1992, pet ref'd, untimely filed)). We may only set aside the verdict if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See id.* We are to give "appropriate deference" to the fact finder, in this case the jury. *Id.* at 136. We may not reverse the decision simply because we may disagree with the result. *See Cain v. State,* 958 S.W.2d 404, 407 (Tex.Crim.App.1997). Instead, we may find the evidence factually insufficient only where necessary to prevent manifest injustice. *See id.*

Appellant strenuously argues in his well-written brief that because of the many inconsistencies in the witnesses' testimony, coupled with evidence that the victim, age six or seven at the time of the offense, may have learned of the sexual behavior she described from pornographic videotapes in her own home, it is reasonable to believe the victim's mother may have "put the kids up to these allegations" perhaps for financial reasons. Having reviewed the record as a whole, we cannot conclude the verdict is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Clewis v. State,* 922 S.W.2d at 129–30. Any discrepancies in the testimony present questions peculiarly within the province of the jury to resolve. *See Malone v. State,* 935 S.W.2d 433, 437 (Tex. App.—Tyler 1996, no pet.). For the same reason, appellant's theory that the child witnesses against appellant had been "coached" could have been properly rejected by a jury in favor of the State's theory that the girls were telling the truth and that appellant was, in fact, guilty as charged. Point one is overruled.

■■■ In point two, appellant complains of an argument made by the prosecutor at the punishment phase of the trial that he alleges constituted an improper comment on his failure to testify:

What you know about his character is this is a deceitful man and petty, vindictive man. He misrepresented to the Grand Jury. He came in here in the

courtroom and he lied to you. And, you know, that's not just part of the game. A Defendant has a right to the witness stand and he has a right to tell you his story. He does not have a right to take an oath to tell you truth and then lie to you, and that's what this man did. That just shows his contempt for the justice system, the justice system that would be supervising him if you placed him on community supervision.

. . . .

Is that the kind of person that you want in your community? Is that the kind of heart and soul that you want walking your streets?

You know that he took the stand and he lied through his teeth.

It is true that this Judge will get to assess conditions of probation, but who's got to obey them?

You're asking him—telling him, "We trust you to do that. Sure. Go ahead. We trust you."

Ever hear anything about whether or not he obtained counseling?

He hasn't.

Ever hear anything about whether or not he had accepted responsibility?

He hadn't.

[DEFENSE COUNSEL]: I'll object to that. That's in direct comment on his failure to testify. [The] only person [who] can testify on that is him. I would object to that.

[PROSECUTOR]: You heard him—

THE COURT: Wait just a minute.

[PROSECUTOR]: Sorry, Your Honor.

THE COURT: I will overrule that objection. You may continue.

[DEFENSE COUNSEL]: Can I have a running objection to that line of argument, Your Honor?

THE COURT: I'll overrule that objection. And you may continue.

[PROSECUTOR]: You heard him with his own mouth in the guilt-inno-

cence phase of this trial directly tell you that this was a mock-up, that he did nothing, that he was not responsible.

Is that worth probation?

 The State is permitted to draw reasonable inferences from the evidence and is to be afforded wide latitude in its jury arguments as long as counsel's argument is supported by the evidence and in good faith. *See Griffin v. State,* 554 S.W.2d 688, 690 (Tex.Crim.App.1977). In context, the prosecutor's argument could reasonably have been interpreted by the jurors as a reference to his testimony and demeanor at the guilt-innocence phase of the trial, rather than his failure to testify at the punishment stage. The argument therefore was proper. *See McGee v. State,* 852 S.W.2d 551, 559 (Tex.App.—Tyler 1992, pet. ref'd). Moreover, any doubt the jurors may have had as to which trial phase the prosecutor's statements were in reference to would have been clarified by her comment immediately thereafter when she asked the jurors to recall his testimony at the guilt-innocence stage. Point two is overruled.

 In points three and four, appellant alleges the trial court improperly refused to permit him to introduce evidence rebutting the State's assertion that probation meant appellant's immediate release from custody, and improperly refused to permit him to refute the same assertion during jury argument. This issue first arose after appellant's wife testified during cross-examination by the prosecutor at the punishment stage as follows:

[PROSECUTOR]: Ms. Stewart, do you know what the terms and conditions of community supervision are in this state?

[DEFENSE COUNSEL]: I'll object to that your honor. That's not relevant. That's up to the court.

THE COURT: I'm going to sustain the objection. I will reconsider that. You will answer that question whether you know them or not.

Your objection is overruled, and I'm going to permit her to answer.

[PROSECUTOR]: Ms. Stewart you have asked this jury to give your husband community supervision.

Do you understand what the terms and conditions of community supervision are in the State of Texas?

[WITNESS]: No, ma'am.

[PROSECUTOR]: You just know that that means that he gets to leave the courthouse with you today: is that right.

[WITNESS]: Yes, ma'am.

By the final question and answer the State was able to plant in the jurors' minds the improper notion that if they returned a probated sentence, their decision necessarily "meant" appellant would be immediately freed. When defense counsel sought to redress this misconception on redirect-examination by asking the witness whether she knew the judge had the power to order her husband to jail even if he were given probation by the jury, the State immediately objected that the witness had already testified she did not know the conditions of probation. The trial court sustained the objection.

With the misconception having not been corrected through evidence, defense counsel attempted in vain to correctly state the law during jury argument:

[DEFENSE COUNSEL]: What the law says is this: This judge—and he's done it so many times it would take me 10 minutes to go through his history—can impose any reasonable condition of probation that he wants. Any reasonable condition. And I can tell you that—that includes incarceration in jail.

[THE PROSECUTOR]: Your honor, the State would object. That is outside the record.

[DEFENSE ATTORNEY]: They mislead the jury.

THE COURT: Well, I'm going to sustain the objection. Let's not say that anymore.

■ Tex.Code Crim. Proc. Ann. art. 42.12, § 18 (Vernon Supp.1999) provides that a judge may require a defendant receiving probation to serve a term in a community corrections facility not exceeding twenty-four months. The State's actions in suggesting false information, contrary to this law, to a witness who already testified she was unaware of the conditions of probation, must be condemned, and we hold the trial court's action in sustaining the State's objection to defense counsel's jury argument was error. Counsel was merely responding in argument to an incorrect statement of the law made by the State during cross-examination. A party is permitted to respond to a misleading or incorrect statement of law by the opposition. See Garrison v. State, 528 S.W.2d 837, 841 (Tex.Crim.App.1975).

Despite our strong disapproval of the State's misleading tactics in this case, we must be mindful that the jury returned a sentence of forty-five years' confinement, some thirty-five years longer than the maximum sentence for which appellant would have been eligible for probation. The error was therefore harmless. See Pryne v. State, 881 S.W.2d 593, 599 (Tex. App.—Beaumont 1994, pet. ref'd). As noted above, our holding in this regard should not be construed to express our approval of the State's actions. In an appropriate case, we would not hesitate to reverse for a new punishment hearing. Points three and four are overruled.

■ In his fifth point, appellant argues the trial court erred in permitting the State to present unsworn testimony to the jury during its closing argument at the guilt-innocence stage. This complaint is directed at the prosecutor's assertion during argument that "what the child described is consistent with every piece of research in this area." While there was significant evidence of scientific research in the area of child sexual abuse admitted for the jury's consideration, the prosecutor's characterization of the evidence in this case as being consistent with "every

piece of research in the area" was not supported by the evidence and constituted a clear exaggeration of the testimony. However, we are not persuaded the trial court's error in overruling defense counsel's objection could have moved the jury from a state of non-persuasion to a state of persuasion, and for that reason we hold the error was harmless. *See Bacy v. State*, 827 S.W.2d 91, 93 (Tex.App.—Fort Worth 1992, pet. ref'd). Point five is overruled.

 Appellant argues in his final point that the trial court erred in sustaining the State's relevancy objection to a question defense counsel asked a witness inquiring as to whether the victim had a "problem" with "bad language." As the State correctly notes, the alleged error was not properly preserved for appellate review because no bill of exceptions was made showing to what the witnesses' answer would have been. *See Smith v. State*, 737 S.W.2d 910, 915 (Tex.App.—Fort Worth 1987, pet. ref'd). Point six is overruled.

No reversible error being present, appellant's conviction and sentence is affirmed.