Roy Benson Nuttall
















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-134-CR

     ROY BENSON NUTTALL,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the Criminal District Court 3
Dallas County, Texas
Trial Court # F99-53813
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Appellant Nuttall appeals his conviction for theft of property of a value of less than $1,500,
(enhanced by two prior felony convictions), for which he was sentenced to 10 years in the Texas
Department of Criminal Justice - Institutional Division.
      At about noon on October 20, 1999, Appellant exited through the door at Home Depot in
Dallas. The alarm went off and Security Officer Turk, who was standing nearby, told Appellant
to stop. Appellant did not stop but ran on through the parking lot, pursued by Officer Turk. 
During the chase, Appellant threw down a doorknob set. When he was stopped, 25 packages of
batteries fell out of his pants leg. Appellant told Officer Turk he had taken the merchandise from
the Home Depot. Drew Carpenter, a loss prevention officer with Home Depot verified that the
merchandise belonged to Home Depot. He stated that he had a greater right to possession of the
merchandise than Appellant and that Appellant had no consent to take the property.
      A jury convicted Appellant of theft of property of a value less than $1,500, found the two
alleged prior felony convictions to be “true;” and set punishment at 10 years in prison.
      Appellant appeals on four points of error.
      Point 1: “There is error in the procedure in transferring Appellant’s case to another court.”
      Specifically, Appellant asserts that the record does not show that Judge Quay Parker, who was
not the elected judge, but who tried the case, was not properly assigned to Criminal District Court
No. 3 of Dallas County.
      To preserve error for appellate review, the complaining party must make a timely specific
objection. The objection must be made at the earliest opportunity. The complaining party must
obtain an adverse ruling from the trial court. Finally, the point of error on appeal must
correspond to the objection made at trial. Turner v. State, 805 S.W.2d 423, 431 (Tex. Crim.
App. 1991); Tex. R. App. P. 33.1(a).
      Appellant did not make a timely specific objection to Judge Parker’s sitting on the case, and
his point of error on appeal in no way corresponds to Appellant’s asserted objection at trial. 
Appellant has thus preserved nothing for review.
      But more importantly, the District Clerk has filed a Supplemental Clerk’s Record containing
an order from the Presiding Judge of the First Administrative Judicial Region which contains an
order assigning Judge Quay Parker to Criminal District Court No. 3, Dallas County, Texas for
the time frame involved in Appellant’s trial. Judge Parker was properly assigned to Criminal
District Court No. 3 of Dallas County.
      Point 1 is overruled.
      Point 2: “The evidence is factually insufficient to support Appellant’s conviction for theft.”
      Point 3: “The evidence is legally insufficient to support Appellant’s conviction for theft.”
      Specifically, Appellant asserts there is no evidence that he was actually seen taking the
property, and further, that the State has not demonstrated ownership of the property in Drew
Carpenter, who was the alleged owner in the Indictment.
      When reviewing the legal sufficiency of the evidence, we examine all the evidence to
determine if any rational trier of fact could have found the essential elements of the crime beyond
a reasonable doubt. In making this examination, we view the evidence in the light most favorable
to the verdict. Jackson v. Virginia, 413 U.S. 307, 319 (1979). Santellan v. State, 939 S.W.2d
155, 160 (Tex. Crim. App. 1997). The fact finder may draw reasonable inferences and make
reasonable deductions from the evidence. Benavides v. State, 763 S.W.2d 587, 588 (Tex.
App.—Corpus Christi 1998, pet. ref’d).
      When reviewing a claim of factual insufficiency, we view all the evidence without the prism
“in the light most favorable to the prosecution.” Clewis v. State, 922 S.W.2d 126, 131 (Tex.
Crim. App. 1996). We set aside the verdict only if it is so contrary to the overwhelming weight
of the evidence as to be clearly wrong and unjust. Jones v. State, 944 S.W.2d 642, 647 (Tex.
Crim. App. 1996). Santellan, Id., p. 164.
      Appellant asserts the evidence is insufficient because no one saw him take the merchandise
from a shelf in Home Depot. The evidence did show that Appellant had the merchandise on his
person when he left the store, and threw some of it down in the parking lot while he was running
from the security officer. Other merchandise fell out of his clothing after he was apprehended. 
Appellant set off the alarm when he left the store. He admitted to Officer Turk that he had taken
the items from the store. The evidence circumstantially established that Appellant took the
property and appropriated it. Roberson v. State, 821 S.W.2d 446, 447 (Tex. App.—Corpus
Christi 1991, pet. ref’d).
      Appellant further asserts that Drew Carpenter was not the owner of the property taken an
alleged in the Indictment. The evidence established that Carpenter was an employee of Home
Depot, specifically a loss prevention officer. Tex. Pen. Code § 1.07(a)(35)(A) describes an
owner as a person who has title to property, possession of property or a greater right to possession
than the actor. The evidence was sufficient to demonstrate that Carpenter, as an employee of
Home Depot, had a greater right to possession of the property than did Appellant. Castle v. State,
718 S.W.2d 86, 88 (Tex. App.—Ft. Worth 1986). Castle holds that a security guard employed
by a corporation was sufficient to show a greater right of possession in the security guard than in
the defendant.
      The evidence is both legally and factually sufficient to support Appellant’s conviction.
      Points 2 and 3 are overruled.
      Point 4: “The trial court erred in overruling Appellant’s objection to the State’s jury argument
on improperly commenting on his failure to testify.”
      At punishment phase, the prosecutor stated to the jury:
Character. I have told you this in opening statement that punishment was the time we got
to hear about the character of the person you have just convicted, because I can’t even
relate how difficult it must be to make a decision like that. You are convicting somebody
of a criminal offense and you must know at this point in the game that your response is
going to send this person to State Jail for 180 days or to the penitentiary in the State of
Texas for 10 years. And you need something more to base that on. And I think
character is something that we all look at, and I had hoped that we would have something
to give you about this person’s character. But we don’t know anything about Mr.
Nuttall’s character. We don’t know about his family, his religion. We don’t know about
his hopes, his dreams. We don’t know anything.
 
DEFENSE COUNSEL: Your honor, we will object to the attorney commenting on his
failure to testify.
 
PROSECUTOR: It’s not a comment on his failure to testify. It’s a comment on his
character.
 
THE COURT: Overrule the objection.
 
PROSECUTOR: Now if he wanted to show his character, if he wanted to show his
character to you, he could have plead “true” to these.


 This could have taken five
minutes and you could have sentenced him to anywhere from two to ten years. But the
character of this man, the character of the man didn’t want to look you in the face and
say these accusations are true —
 
DEFENSE COUNSEL: Objection, your honor, she’s one more time commenting on the
defendant’s failure to testify. At this time, I would object and ask for a mistrial.
 
PROSECUTOR: It’s true or not true, your honor. There’s no comment on his failure to
testify.
 
COURT: I overrule your objection and your request for mistrial is also overruled.
 
DEFENSE COUNSEL: Note, my exception.

      A prosecutor’s comment in argument on a defendant’s failure to testify offends both the State
and U.S. Constitutions as well as Texas Statutes. U.S. Const. Amendments V and XIV; Tex.
Const. art. I, § 10; Tex. Code Crim. Proc. Art. 38.08; Montoya v. State, 744 S.W.2d 15, 34
(Tex. Crim. App. 1987). A defendant has a privilege at both guilty-innocence and punishment
phases, not to testify. Wilkens v. State, 847 S.W.2d 547, 553 (Tex. Crim. App. 1992), cert.
denied 507 U.S. 1005 (1993).
      For jury argument to violate the right against self-incrimination, it must be manifestly
intended, or of such a character, that a jury would necessarily and naturally take it as a comment
on the accused’s failure to testify. It is not sufficient that the language might be construed as an
implied or indirect allusion to the defendant’s failure to testify; it must necessarily refer to the
accused’s failure to testify. Montoya, p. 35. Prosecutorial argument that can reasonably be
construed to refer to a failure to present evidence other than from the defendant’s own testimony
does not amount to a comment on failure to testify. Swallow v. State, 829 S.W.2d 223, 225 (Tex.
Crim. App. 1992).
      Here, the prosecutor’s statements do not constitute a comment on Appellant’s failure to
testify. Appellant called no witnesses in his behalf, either at guilt-innocence or at punishment
phase. The State proved Appellant had been convicted of other offenses. The prosecutor’s
argument here could reasonably have been interpreted by the jury as a reference to the fact that
Appellant called no defense witnesses and that his criminal record called his character into
question, rather than his failure to testify. Stewart v. State, 995 S.W.2d 187, 190 (Tex. App.—Ft.
Worth 1999, pet. ref’d); Akin v. State, 981 S.W.2d 297, 300 (Tex. App.—Texarkana 1998, no
pet.).
      The argument was not improper, and we overrule Point 4.
      The judgment is affirmed.
                                                                   FRANK G. McDONALD
                                                                   Chief Justice (Retired)
Before Chief Justice Davis,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed January 31, 2001
Do not publish