JOHNNY DAVID DORSEY V. THE STATE OF TEXAS

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-01-236-CR

JOHNNY DAVID DORSEY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

OPINION

------------

A jury convicted Johnny David Dorsey, Appellant, of aggravated sexual assault of a child under fourteen years of age.  After the jury assessed  Appellant’s punishment at 35 years’ confinement, he appealed raising ten points:  1-6) Appellant’s trial counsel rendered ineffective assistance of counsel by failing to investigate, failing to cross-examine the complainant, failing to cross-examine the complainant’s sexual abuse counselor, failing to object to the investigating detective testifying to the appearance of truthfulness of the complainant, advising Appellant not to testify, and failing to object to the testimony of Jennifer Henderson regarding sexual misconduct of Appellant’s son; 7) the trial court erred by refusing to grant a mistrial when the State improperly argued the opinion of the judge who signed the warrant for Appellant’s arrest; 8) the trial court committed error by refusing to grant a mistrial when the State misstated the evidence regarding Appellant’s stated feelings toward the complainant during argument; 9) the trial court committed error by permitting the prosecutor to make an argument that struck at the appellant over the shoulder of counsel; and 10) the trial court committed error by permitting the prosecutor to state her personal opinion during punishment argument.  We affirm the trial court’s judgment.

FACTS

On October 21, 1999, people at A
       
 L
       
‘s (AL) church saw her  kissing a boy four years older than herself in the church parking lot.  The people who witnessed AL’s actions reported it to her mother, Jennifer Henderson (Henderson).  When her mother disciplined her for her actions, AL claimed that she kissed the boy because she feared telling a boy no.  AL claimed that her fear stemmed from sexual abuse she received continuously from the age of two to seven by her ex-step-dad.  She claimed that Appellant had sexually abused her for four to five years while her mother was married to him.  Appellant and Henderson divorced in 1994.  After their divorce, both Henderson and Appellant remarried different people. 

When AL told Henderson, she called the district attorney’s office and brought charges against Appellant.  The jury found Appellant guilty of aggravated sexual assault of a child under 14 years of age.  The jury then assessed punishment at 35 years’ confinement.  

INEFFECTIVE ASSISTANCE CLAIMS

In Appellant’s first six points on appeal, he claims that his trial attorney provided ineffective assistance of counsel.  J. Rex Barnett (Barnett) represented Appellant during trial.  Because Appellant’s first six points on appeal are based on ineffective assistance of counsel, we will address all six points together.

Standard of Review

We apply a 
two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, 
appellant must show that 
his
 counsel's performance was deficient; second, appellant must show the deficient performance prejudiced the defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064;
 
Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).  

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
Strickland
, 466 U.S. 
at 688-89, 104 S. Ct. at 2065.  "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  
Id. 
at 690, 104 S. Ct. at 2066.  An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  
Thompson
, 9 S.W.3d at 814.
 
 Our scrutiny of counsel's performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight.  
Strickland
, 466 U.S. at 689, 104 S. Ct. at 2065
.

The second prong of 
Strickland
 requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial whose result is reliable.  
Id. 
at 687, 104 S. Ct. at 2064
.  In other words, appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  
Id.
 at 694, 104 S. Ct. at 2068
.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  
Id.
  The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding whose result is being challenged.  
Id.
 at 697, 104 S. Ct. at 2070.

Discussion

In Appellant’s first point, he claims that Barnett’s failure to properly investigate the charges in the case deprived Appellant of effective assistance of counsel.  Appellant further contends in his second and third points on appeal that had Barnett properly investigated the allegations and the State’s witnesses, Appellant could have effectively cross-examined AL and Debbi Land (Land).

In the hearing on Appellant’s motion for new trial, Barnett testified that he lacked proper funds to thoroughly investigate any of the State’s witnesses.  Barnett did review the offense report, and the prosecutor also gave him access to the State’s file, but Barnett testified that with more money he would have investigated AL and Land further.  He further testified that with the information he had at trial and by observing the direct examination of both witnesses, he strategically decided not to cross-examine the two witnesses. 

Appellant contends that Barnett had a duty to reasonably investigate all of the State’s witnesses and that a proper investigation might have yielded information which Barnett could have used to impeach AL’s and Land’s testimony.  Appellant specifically asserts that his trial counsel should have interviewed the complainant, her best friend to whom she claimed to have referred to this abuse years before, complainant’s mother and the mother’s best friend, complainants’s counselor, the doctor who examined complainant, or any person with information about the reputation for truthfulness of any of these witnesses.  Appellant claims that by failing to investigate the witnesses, Barnett’s assistance fell below the objective standard of reasonableness cited in 
Strickland
.  

We begin our discussion by noting that counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.  
Strickland
, 466 U.S. at 691, 104 S.Ct. at 2066; 
McFarland v. State
, 928 S.W.2d 482, 501 (Tex. Crim. App. 1996).  Counsel is charged with making an independent investigation of the facts of the case, 
id.
, and has the responsibility to seek out and interview potential witnesses.  
Ex Parte Welborn
, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990).  Counsel should not “blindly rely on the veracity either of his client’s version of the facts or witness statements in the State’s file.”  
McFarland
, 928 S.W.2d at 501.  In the present case, Barnett did not reasonably investigate the case nor did he base his decision to not investigate on reasonable grounds.  Even with a lack of funds, Barnett could have and should have attempted to interview the witnesses when they arrived in town for trial.  We hold that through Barnett’s failure to investigate, his assistance at trial fell below the standard of prevailing professional norms.  

Our review does not end here.  The test espoused in 
Strickland
 also requires a reasonable probability that, but for Barnett’s failure to investigate, a different result at trial would have occurred.  
Strickland
, 466 U.S. at 687, 104 S.Ct. at 2064.  Appellant has failed to come forward with any evidence that Barnett’s failure to investigate affected the result at trial.  Appellant has not shown any information that would have been uncovered with a proper investigation.  Instead, Appellant attempts to say that had Barnett investigated the case properly, Barnett might have decided to cross-examine AL and Land.  We hold that Appellant has failed to show that the deficient performance prejudiced Appellant’s defense.  We overrule Appellant’s first point.

As for Appellant’s second and third points, we must first determine whether Barnett committed error in not cross-examining AL and Land.  
See Strickland
, 466 U.S. at 687, 104 S.Ct. at 2064.  Barnett based his decision to not cross-examine AL in part by the way AL testified at trial.  The record shows that AL gave a very emotional but detailed description of the assaults.  The graphic depiction of the assaults, added with the age of the victim, would have had a very emotional impact on the jury.

Appellant claims that AL’s testimony revealed many areas where Barnett might have cross-examined her.  Appellant states that the long time between the abuse and the time when AL reported the abuse suggested an area of cross-examination.  Second AL reported the abuse only after her mother disciplined her for kissing an older boy.  Third, the very descriptive testimony of AL might lead one to think that someone coached her.  Finally, the terminology that AL used on the stand seemed to be too mature for her age.  Appellant contends that by failing to cross-examine AL on any ground, the jury would infer that Appellant ratified the truth of the testimony.

While Appellant points to areas of possible cross-examination, he ignores the fact that questioning a very sympathetic witness in these areas holds a large amount of risk.  It is the province of the lawyer to balance this risk versus the possible gain of cross-examining a witness.  
Garner v. State
, 864 S.W.2d 92, 102 (Tex. App.—Houston [1st Dist.] 1993, writ ref’d) (Often, the decision to not cross-examine a witness is the result of the wisdom acquired by experience in the combat of trial.); 
see also Coble v. State
, 501 S.W.2d 344, 346 (Tex. Crim. App. 1973).  While some lawyers would choose to cross-examine AL, many reasonable lawyers would think the risk too high and choose not to.  We cannot say that Barnett’s actions in refusing to cross-examine AL amounted to deficient performance under 
Strickland
.  We overrule Appellant’s second point on appeal.

Appellant’s third point focuses on Barnett’s choice to not cross-examine Land.  Land worked as a social worker and counseled AL after she reported the abuse.  During direct-examination, she gave a descriptive account of the emotional abuse suffered by AL.  Appellant contends that Land’s testimony filled in gaps left after AL’s testimony.  Appellant claims that Land’s testimony amounted to an extension of AL’s testimony.  

Appellant fails to offer any possible areas of cross-examination that Barnett should have explored with Land.  He merely states that Barnett should have attempted to contradict Land’s testimony so that both she and AL appeared less credible.  Because Appellant either could not or did not show any areas where Barnett might have cross-examined Land effectively, he has failed to show how Barnett erred in choosing not to cross-examine her.  At the hearing on his motion for new trial, Appellant states that when Barnett failed to cross-examine Land, his actions lent credibility to Land’s testimony.  Appellant failed to call any jury members to testify to this result.  Appellant cites no law for his proposition and offers no evidence.  Appellant has failed to overcome the presumption that Barnett rendered adequate assistance in this area and made the decision not to cross-examine Land in the exercise of reasonable professional judgment.  
Strickland
, 466 U.S. at 690, 104 S.Ct. at 2066; 
Conrad v. State
, 77 S.W.3d 424, 425 (Tex. App.—Fort Worth 2002, pet. ref’d).  We overrule Appellant’s third point on appeal.  

In Appellant’s fourth and sixth points on appeal, he claims that Barnett ineffectively assisted him because Barnett failed to timely object on two occasions.  The first instance occurred when Barnett failed to object to Detective Thomas Wayne Goodman’s (Goodman) opinion about the complainant’s truthfulness.  The State asked Goodman “[w]hen you reviewed the videotape, what was your impression of the girl on the videotape?”  Goodman responded, “That she was being truthful.”  Appellant claims that Texas law forbids testimony about the veracity of another witness.  
See
 T
EX
. R. E
VID
. 608(a); 
Schutz v. State
, 957 S.W.2d 52, 69 (Tex. Crim. App. 1997).   The second instance when Barnett failed to object occurred when the prosecution implied through the testimony of Henderson and AL
 that Appellant had taught his son to sexually assault women.
  During the direct examination of Henderson, the prosecution asked her about Appellant’s son.  The prosecutor asked, “[w]hen did you first become aware that 
A
    
 had sexually assaulted your daughter?”  Henderson replied that she had caught the two children in AL’s closet, but did not know what occurred until AL told her on the same day AL told her about Appellant’s abuse.  The prosecutor broached this subject again when he questioned AL.  The prosecutor asked, “Sometimes did 
A
    
 
touch you also in ways you didn’t like?”  AL responded, “Yes, ma’am.”  The prosecutor then asked, “Do you recall specifically where he learned that conduct from?”  AL then stated, “He never told me where he learned it from.”  Appellant claims that this line of questioning inferred that Appellant had taught his son how to abuse AL.  Appellant claims that this inference prejudiced his case, and Barnett should have objected to these questions.  

Appellant has shown instances in the record where Barnett could have objected.  He has stated that the failure to object at these times prejudiced his case, but he has not given any reasons for Barnett’s failure.  During the motion for new trial hearing, Appellant had the opportunity to question Barnett over the lack of objections, but he failed to ask any questions concerning them.  Appellant instead has chosen to bring a record before this court that shows absolutely no explanation for Barnett’s actions, and then ask us to declare that Barnett’s actions so prejudiced Appellant’s trial that we must order a new one.   The Texas Court of Criminal Appeals has clearly ruled that when a defendant argues that his trial counsel’s actions amounted to ineffective assistance, he must bring a complete record to the appellate court showing not only the omissions but also the reasons for the omissions.  If counsel's reasons for his conduct do not appear in the record and the possibility exists that the conduct could have been legitimate trial strategy, we must defer to counsel's decisions and deny relief on an ineffective assistance claim on direct appeal.  
Ortiz v. State, 
93 S.W.3d 79, (Tex. Crim. App. 2002);
 Mallett v. State, 
65 S.W.3d 59, 63 (Tex. Crim. App. 2001); 
Thompson
, 9 S.W.3d at 813-14.  

In this case, the reason that Barnett did not object to Goodman’s testimony could have been due to the brevity of the testimony and the hope that the jury might have overlooked it.  If Barnett had objected, it would have highlighted the negative testimony to the jury.  In the second case where the prosecutor implied that Appellant had taught his son to molest AL, perhaps Barnett wanted the testimony admitted to show how AL could know and describe the assaults in such detail without Appellant having assaulted her.  In any case, this court does not have to guess what Barnett’s reasons might or might not have been.  We only need to find one possible legitimate reason for Barnett not to object.  We have done so, and we overrule Appellant’s fourth and sixth points on appeal.

In Appellant’s fifth point on appeal, he claims that Barnett’s assistance was ineffective because Barnett advised Appellant not to testify in the guilt/innocence stage of the trial.  Barnett testified at the new trial hearing that he believed the jury would not convict Appellant because of contradicted testimony at trial.  Barnett, therefore, felt that any testimony by Appellant would not help the case and might harm it.  Barnett advised Appellant not to testify, and Appellant decided to follow this advice.  After the jury returned a guilty verdict, Appellant did testify in the punishment stage of the trial where, during cross-examination, the prosecution impeached Appellant’s testimony.  The prosecution caught Appellant in a lie and then used this lie in closing arguments.  

Again, Appellant failed to fully develop a record showing Barnett’s reasons for advising Appellant not to testify.  Perhaps Barnett was concerned that the same type of impeachment which occurred during Appellant’s testimony in the punishment stage would have occurred during the guilt/innocence stage of the trial had Appellant testified.  Perhaps Barnett feared opening the door to Appellant’s prior bad acts.  
See Cagle v. State
, 23 S.W.3d 590, 592 (Tex. App.—Fort Worth 2000, no pet.) (The general rule is that if a defendant exercises his right to testify he is subject to the same rules governing examination and cross-examination as any other witness.).  “[H]e may be contradicted, impeached, discredited, attacked, sustained, bolstered, [and] made to give evidence against himself.”  
Kos v. State
, 15 S.W.3d 633, 642 (Tex. App.—Dallas 2000, pet. ref’d).  Barnett was justifiably concerned that a cross-examination of Appellant would be damaging to the case, and his advice to Appellant was sound trial strategy.  Finally, we note that Appellant made the ultimate decision not to testify, and we will not alleviate the repercussion of that decision by refocusing the blame on to his trial counsel.  We overrule Appellant’s fifth point. 

APPELLANT’S POINTS SEVEN AND EIGHT 

In Appellant’s seventh and eighth points on appeal, he claims that the trial court should have granted a motion for mistrial on two separate statements made by the State during closing argument.  In Appellant’s seventh point, he argued that the trial court committed error by refusing to grant a mistrial when the State argued the personal opinion of the judge who signed the warrant for Appellant’s arrest.  During the State’s rebuttal to Appellant’s closing argument, the prosecution stated that the defense falsely claimed that everyone but AL thought that Appellant was an upstanding individual, “because the Judge that signed his arrest warrant didn’t believe him to be a perfect father and an upstanding father individual.”  Appellant objected, and the trial court sustained the objection.  Appellant then asked for a motion to disregard, which the trial court granted.  Appellant asked for a mistrial, but the trial court denied this request. 

In Appellant’s eighth point on appeal, he argued that the trial court erred by refusing to grant a mistrial when the prosecution misstated evidence regarding Appellant’s feelings toward AL.  During the State’s final arguments, the prosecutor stated that “[a]nd you know, when he testified you had a chance to look at his demeanor and it was pretty cavalier.  I didn’t do it.  I loved her like a wife.  Isn’t that a statement?”  At this point Appellant objected saying that the argument misstated the evidence.  The trial judge sustained the objection and gave an instruction to disregard.  Appellant again requested a mistrial, and again the trial judge denied the request.  Because both of Appellant’s points deal with alleged prosecutorial misconduct during final argument, we will review the two points together.

Standard of Review 

To be permissible, the State’s jury argument must fall within one of the following four general areas:  (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement. 
 Felder v. State
, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992), 
cert. denied
, 510 U.S. 829 (1993); 
Alejandro v. State
, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).  

When the trial court sustains an objection and instructs the jury to disregard but denies a defendant’s motion for a mistrial, the issue is whether the trial court erred in denying the mistrial.  
Faulkner v. State
, 940 S.W.2d 308, 312 (Tex. App.—Fort Worth 1997, pet. ref’d) (en banc op. on reh’g).  Its resolution depends on whether the court’s instruction to disregard cured any prejudicial effect.  
Id.  
Generally, an instruction to disregard impermissible argument cures the prejudicial effect, if any.  
Id.; Dinkins v. State
, 894 S.W.2d 330, 357 (Tex. Crim. App.), 
cert. denied
, 516 U.S. 832 (1995).  In assessing the curative effect of the court’s instruction to disregard, the correct inquiry is whether the argument was extreme, manifestly improper, injected new and harmful facts into the case, or violated a mandatory statutory provision and was thus so inflammatory that an instruction to disregard could not cure its prejudicial effect.  
Hernandez v. State
, 819 S.W.2d 806, 820 (Tex. Crim. App. 1991), 
cert. denied
, 504 U.S. 974 (1992); 
Faulkner
, 940 S.W.2d at 312. If the instruction cured any harm caused by the improper argument, a reviewing court should find that the trial court did not err.  
Dinkins
, 894 S.W.2d at 357;  
Faulkner
, 940 S.W.2d at 312.  
Only if the reviewing court determines the instruction was ineffective does the court go on to determine whether, in light of the record as a whole, the argument had a substantial and injurious effect or influence on the jury’s verdict. 
 
Tex. R. App. P. 
44.2(b). 

Discussion

In Appellant’s seventh point, he claims that the State argued facts outside of the record, and that the State’s argument was equal to a judge commenting on Appellant’s guilt or innocence.  Appellant claims that when the jury heard the argument, they could not distinguish between the trial judge and the judge who signed the warrant so the jury treated the comment as coming from the trial judge.  We hold that the argument made was outside of the record and improper.  

It has long been established that a prosecutor cannot use closing argument to place matters before the jury that are outside the record and prejudicial to the accused.  
Everett v. State
, 707 S.W.2d 638, 641 (Tex. Crim. App. 1986) (en banc). 
 Here, the record did not contain the personal views of the judge who signed the arrest warrant, and no reasonable inference would allow the State to make this argument.  The trial judge properly sustained the objection and properly instructed the jury to disregard.  

We note that the granting of a mistrial should be an “exceedingly uncommon remedy.”  
Jackson v. State
, 50 S.W.3d 579, 588 (Tex. App.—Fort Worth 2001, pet. ref'd) (citing 
Bauder v. State
, 921 S.W.2d 696, 698 (Tex. Crim. App. 1996)).  Further we have held that an instruction to the jury to disregard will normally cure any prejudicial effect of an argument.  
Barnes v. State
, 70 S.W.3d 294, 309 (Tex. App.—Fort Worth 2002, pet. ref’d) (citing 
Borjan v. State
, 787 S.W.2d 53, 57 (Tex. Crim. App. 1990).  In the present case, the trial judge’s prompt instruction to disregard the comment effectively cured any harm.  We overrule Appellant’s seventh point on appeal.

In Appellant’s eighth point on appeal, he claims that the prosecutor misstated the evidence and that the trial court erred in refusing to grant a mistrial.  The comment occurred during the punishment phase of the trial.  Appellant had testified that “When I met [AL’s] mother in 1989 it was a package deal.  When I married Jennifer I married AL, too.  I loved her with all of my heart. I raised her as my own child.”  The State claims in its brief that the prosecutor’s closing argument in punishment was a reasonable inference of this testimony.  The State asserts that Appellant’s testimony showed that Appellant thought of and treated AL as a second wife.

“Counsel is given wide latitude in drawing inferences from the evidence so long as the inferences drawn are reasonable, fair, legitimate, and offered in good faith.”  
Geuder v. State
, 76 S.W.3d 133, 138 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (citing to 
Gaddis v. State
, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988)); 
Stewart v. State
, 995 S.W.2d 187,190 (Tex. App.—Fort Worth 1999, pet. ref’d).  We cannot agree with the State that Appellant’s testimony shows that he thought of AL as a second wife.  The final sentence of the quoted passage shows that Appellant meant that he accepted AL as his own daughter and did not see her as a step-daughter.  The trial court properly sustained Appellant’s objection and properly gave an instruction to disregard to the jury.  We must now determine if a mistrial was warranted in this case. 

While we agree with Appellant that the trial court properly sustained his objection, we do not agree that the instruction to disregard was ineffective and that the trial court should have granted a mistrial.  
Appellant’s testimony was fresh in the jury’s mind, and so the misstatement had less of an impact.  Further, the trial court’s prompt instruction to disregard the comment effectively cured any prejudicial effect to the jury.  
Barnes
, 70 S.W.3d at 309
.  We overrule Appellant’s eighth point on appeal.

APPELLANT’S POINTS NINE AND TEN

In Appellant’s points nine and ten, he claims that the trial court erred in permitting the prosecutor to make an argument that struck at Appellant over the shoulder of counsel, and an argument that permitted the prosecutor to state her personal opinion during punishment argument.  Both points center around the State’s closing argument.  The prosecutor stated, “So there is a lot of considerations when you are deciding punishment and I take offense to the fact that Mr. Barnett is characterizing this as something less than the wors[t] possible crime.”  At this point Appellant objected to the argument stating that it struck at Appellant over the shoulder of counsel.  When the trial court overruled the objection, Appellant lodged another objection stating that the prosecutor impermissibly stated her personal opinion during punishment argument.  The trial court again overruled the objection. 

Discussion

Appellant claims that the prosecutor’s comment in closing argument during the punishment phase of the trial struck Appellant over the shoulder of counsel.  The Texas Court of Criminal Appeals has held that prosecutors' arguments which attack defense counsel are manifestly improper because they serve to inflame the minds of the jury to the accused's prejudice.  
Lewis v. State
, 529 S.W.2d 533, 534 (Tex. Crim. App. 1975); 
McMurrough v. State
, 995 S.W.2d 944, 947 (Tex. App.—Fort Worth 1999, no pet.).
 

In the present case, the argument which Appellant complains of was not derogatory in nature.  The prosecution rebutted Appellant’s attempt to characterize the sexual assault as minor and that he deserved a reduced sentence.  The prosecution did not claim that Appellant’s counsel was immoral or not behaving properly.  The prosecution merely expressed disagreement with Appellant’s counsel’s stated view of the case.  We hold that the prosecution did not strike at Appellant over the shoulder of counsel and the trial court committed no error in overruling Appellant’s first objection  We overrule Appellant’s ninth point on appeal.

In Appellant’s final point, he claims that the prosecution interjected a personal opinion into closing argument, and the trial court committed error by overruling Appellant’s objection.  We have held that it is improper for a prosecutor to inject personal opinion in statements to the jury.  
Maupin v. State
, 930 S.W.2d 267, 269 (Tex. App.—Fort Worth 1996, pet. ref’d).  “In evaluating whether the prosecutor interjected his personal opinion into the argument, we must consider the challenged remark in the context in which it appears.” 
Jackson v. State
, 17 S.W.3d 664, 675 (Tex. Crim. App. 2000).  Further, “[w]hen phraseology that sounds like personal opinion ... is, either overtly or inferentially, combined with special expertise, it is 
that
 combination that is prohibited.”  
Maupin
, 930 S.W.2d at 270 (emphasis in original). 

In the present case, the prosecution was summing up the evidence of the crimes.  The prosecutor described a string of sexual assaults that occurred for over four years in which the victim of the crime testified that she could not remember when the assaults did not happen.  Over the four to five-year period that the assaults occurred, Appellant forced AL to perform oral sex on him numerous times, and attempted to penetrate AL’s sex organ at least twice with his sex organ.  Appellant also threatened to harm AL and her mom if she ever told anyone of the assaults.  

AL testified about the astronomical impact of the assaults on her life.  She stated that she had nightmares about the abuse, that a day rarely went by when she did not think about the abuse, and that she did not believe that she would ever have children because she feared that something similar might happen to them.  The prosecutor attempted to sum up this evidence by stating that a major crime had occurred despite Appellant’s attempt to classify the crime as minor.  She further attempted to convince the jury to not give Appellant probation for the crime.  Most importantly, the prosecutor did not infer that she had any special expertise that she based her opinion on.  
Id.
  We hold that the prosecutor attempted to give a summation of the reasons for giving Appellant a long sentence, and the personal comment made was based on the evidence at trial and not the prosecutor’s special expertise.  We overrule Appellant’s tenth point on appeal.  

CONCLUSION

Having overruled all of Appellant’s points on appeal, we affirm the trial court’s judgment.
 

SAM J. DAY

JUSTICE

PANEL A: CAYCE, C.J.; DAY and LIVINGSTON, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

[DELIVERED: MARCH 20, 2003]