Richard Randel SAMPLES, Appellant,

v.

STATE of Texas, State.

No. 2-87-214-CR.

Court of Appeals of Texas,
Fort Worth.

Dec. 22, 1988.

Rehearing Denied Jan. 25, 1989.

James H. Shaw, Fort Worth, for appellant.

Chris Marshall, Asst. Dist. Atty., Fort Worth, for State.

Before FENDER C.J., and KELTNER and LATTIMORE, JJ.

## OPINION

LATTIMORE, Justice.

Richard R. Samples, appellant, received a sentence of fifteen years imprisonment in the Texas Department of Corrections after a jury verdict of guilty for the offense of injury to a child. TEX.PENAL CODE ANN. sec. 22.04 (Vernon Supp.1988).

We reverse and remand.

In October 1986, Samples began living with Deborah Graham and her three children. On December 12, 1986, officers of the Arlington Police Department investigated an injury to one of Deborah Graham's children, Daniel Graham. During the investigation, the police took a statement from Samples in which he admitted throwing Daniel to the floor, but denied he intended to hurt Daniel. At trial, the State introduced Samples' statement. Samples moved for an instructed verdict of not guilty because the State introduced the statement and failed to disprove the exculpatory portion. Samples contended the State did not disprove his statement that he did not intend to hurt Daniel. The trial court overruled the motion.

Samples raises ten points of error. Samples contends the trial court erred because the trial court:

1) Refused to allow Samples to question prospective jurors about voluntariness of statements;

2) Did not instruct the jury to disregard Samples' statement unless they found beyond a reasonable doubt it was voluntary;

3) Refused to allow Samples to argue the jury should disregard Samples' statement unless they believed beyond a reasonable doubt it was voluntary;

4) Failed to quash the indictment;

5) Should have granted Samples' motion for directed verdict because the State failed to disprove Samples' exculpatory statement;

6) Admitted Samples' oral statement;

7) Charged the jury that they could find Samples guilty based on a legally incorrect standard of intent;

8) Failed to charge the jury on lesser included offenses;

9) Incorrectly defined "intentionally" and "knowingly" in the court's charge; and

10) Admitted Samples' written statement.

The State confessed reversible error on point of error seven. The State agrees the instructions to the jury were incorrect because the jury was instructed they could convict Samples if they decided he intended to engage in the *conduct* which caused serious bodily injuries, i.e. throwing Daniel to the floor. The trial court should have instructed the jury to convict Samples if they decided he intended to cause the *result* of the conduct, i.e. Daniel's injury or death. *Kelly v. State,* 748 S.W.2d 236, 239 (Tex.Crim.App.1988). Therefore, the State agrees Samples' conviction should be reversed.

Because the State has confessed reversible error on point of error seven, we do not need to address Samples' other points of error, with the exception of point of error five. In point of error five, Samples contends the trial court erred in denying his motion for an instructed verdict of not guilty; therefore, Samples argues he is entitled to reversal and aquittal. The State contends the trial court did not err in denying Samples' motion for an instructed verdict; therefore, Samples is only entitled to reversal and a new trial.

A long line of Texas cases support the proposition that "where the State puts in statements of the accused party which exculpates the accused and does not directly or indirectly disprove them, the accused is entitled to an aquittal." *Banks v. State,* 56 Tex.Crim. 262, 265, 119 S.W. 847, 848 (1909).

That the State is bound by exculpatory statements contained in the confession which it offers in evidence rests on a rule that, by introducing the confession into evidence, the State vouches for its credibility. Thus, the rule exists as a variant of the broader "voucher" rule, which is itself a rationalization for the rule against impeaching one's own witness. *Palafox v. State*, 608 S.W.2d 177, 183 (Tex. Crim.App.1979) (Dally, J., dissenting); *see also Stills v. State*, 728 S.W.2d 422, 426 (Tex.App.—Eastland 1987, no pet.). However, the voucher rule is no longer valid in Texas after September 1, 1986, the effective date of Texas Rules of Criminal Evidence rule 607. *Ibanez v. State*, 749 S.W. 2d 804, 807 n. 3 (Tex.Crim.App.1986). It has been argued that the voucher rule never had coherent rationale. *See Stills*, 728 S.W.2d at 426. After the promulgation of rule 607, the State is no longer required to disprove exculpatory statements introduced by the State because the rationale, if any, has been destroyed by rule 607. *Ibanez*, 749 S.W.2d at 812 (Onion, J., dissenting).

The State has also argued Samples' statement he did not intend to hurt Daniel was not exculpatory because Samples could be convicted of knowingly injuring a child even if he did not intend to hurt Daniel. We do not address this point because, even if the statement was exculpatory, the State is no longer required to disprove the statement. Accordingly, Samples' fifth point of error is overruled.

We reverse and remand for new trial because the State confessed reversible error on point of error seven.