OPINION
 

 CHUCK MILLER, Justice (Assigned).
 

 Appellant Dickey Ray Maupin was indicted for the offense of injury to the elderly. Tex. Penal Code Ann. § 22.04, subsection (a)(3), (c)(2), and (f) (Vernon 1994).
 
 [1]
 
 Maupin pleaded not guilty to a jury, and after hearing evidence, the jury found Maupin guilty, and also, after the punishment phase of the trial, assessed his punishment at eight years’ confinement in the Institutional Division of the Texas Department of Criminal Justice. On appeal Maupin brings three points of error, alleging error both in the court’s charge and in final argument. We affirm.
 

 In order to frame Maupin’s charge error issues, it is necessary to summarize the evidence. The complaining witness was sixty-six years old at the time of the offense. She had been living with Maupin, who was thirty years her junior, at his residence for almost a year when she decided to move out. There was animosity between the two that led to the decision such that the complainant, fearing she would not be allowed to remove her belongings, hid in a closet overnight waiting for Maupin to leave the next morning. When he left, the complainant called her daughter to come help her remove her belongings. It was while the complainant and her daughter were packing the belongings that Maupin returned and, accusing the two of breaking into his house, threw and pushed the complainant to the floor several times over a short period of time, bruising her and causing her bodily injury. The complainant had two steel rods in her back from previous health problems, and Maupin knew this at the time he repeatedly threw her to the floor.
 

 Maupin’s first and second points of error concern the refusal of the trial court to give his requested charge on mistake of fact to the jury. Maupin orally and in writing requested the charge on mistake of fact, maintaining that the evidence showed that he believed that the two women were burglarizing his house. The legal definition for mistake of fact is contained in section 8.02(a). It states:
 

 It is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense.
 

 Tex. Penal Code Ann. § 8.02(a) (Vernon 1994). A charge on mistake of fact should be given, on request, whenever the evidence raises an issue on mistake of fact.
 
 Miller v. State,
 
 815 S.W.2d 582, 585 (Tex.Crim.App.1991) (op. on reh’g).
 

 Section 22.04(a) makes it an offense to intentionally or knowingly cause bodily injury to a person sixty-five years of age or older. For purposes of this case, injury to an elderly person is a result-oriented crime.
 
 [2]
 

 Kelly v. State,
 
 748 S.W.2d 236, 239 (Tex.Crim.App.1988);
 
 Samples v. State,
 
 762 S.W.2d 751, 752 (Tex.App.—Fort Worth 1988, no pet.). That is, it is the intent to cause the result, the bodily injury, that is the gravamen of the offense.
 
 Id.
 
 Thus, in order for a charge on mistake of fact to be re quired, there must be evidence that negates intent to cause bodily injury on the part of the defendant. We do not believe the evidence that Maupin thought the complainant was burglarizing his home does so. There is no evidence that Maupin was mistaken about whether the force he used would cause bodily injury. He knew the complainant was elderly and had steel rods in her back, and he threw her to the ground several times. As such, he was not entitled to a charge on mistake of fact.
 

 At best, the evidence in this case raises a defense of protection of property.
 
 [3]
 
 Section
 
 *269
 
 9.41(a) allows such a defense with the following wording:
 

 A person in lawful possession of land or tangible, movable property is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to prevent or terminate the other’s trespass on the land or unlawful interference with the property.
 

 Tex. Penal Code Ann. § 9.41 (Vernon 1994). Thus, this case is closely analogous to
 
 Kennard v. State,
 
 649 S.W.2d 752 (Tex.App.—Fort Worth 1983, pet. ref'd). In that case, involving the sale of narcotics, the defendant raised an issue that he thought the police sanctioned his selling of drugs. We held that this did not negate the culpability involved in the offense, the selling of drugs, because the defendant intended to sell drugs. We further pointed out that this evidence did raise the issue of public duty under section 9.21(d)(2)
 
 [4]
 
 because it raised an issue of whether the defendant reasonably believed his conduct was authorized to assist a public servant in the performance of his official duty.
 
 Id.
 
 at 758-61.
 

 Here, as in
 
 Kennard,
 
 appellant was entitled to a defensive charge as raised by the evidence. However, for the reasons above stated, the particular defensive charge he was entitled to was not mistake of fact. Maupin’s first and second points of error are overruled.
 

 He next, in his third point of error, complains of the trial court overruling his motion for mistrial after the court sustained his objection to the following punishment argument by the prosecutor:
 

 [PROSECUTOR]: Ladies and gentlemen, I told you I was appalled in closing argument and I’m appalled now, that he would get up here and ask you for something in the middle. Because ten years is what this man deserves. He thinks you are fools.
 

 [DEFENSE COUNSEL]: Your Honor, I’m going to object to the personal opinion of the prosecutor. It’s a misstatement of the facts in the argument.
 

 The court promptly instructed the jury to disregard the argument but denied the defense motion for mistrial. Maupin maintains that this argument amounted to asking the jury to take into account the prosecutor’s assessment and personal belief, which is improper.
 

 The cases are legion saying that it is improper for a prosecutor to inject personal opinion in statements to the jury. E.g.,
 
 Boyd v. State,
 
 643 S.W.2d 700, 706 (Tex.Crim.App. [Panel Op.] 1982) (In obscenity case prosecutor argued he’d been around for a while and film was obscene.);
 
 Robillard v. State,
 
 641 S.W.2d 910, 911-12 (Tex.Crim.App. [Panel Op.] 1982) (In talking about confession prosecutor argued he wouldn’t put evidence before juiy that he didn’t believe was true.);
 
 Menefee v. State,
 
 614 S.W.2d 167, 168 (Tex.Crim.App.1981) (In referring to a State’s witness, prosecutor argued he had never seen anyone he thought was more honest.);
 
 Romo v. State,
 
 593 S.W.2d 690, 694 (Tex.Crim.App. [Panel Op.] 1980) (In punishment argument, prosecutor argued that he had never asked a jury before for the maximum punishment.),
 
 overruled on other grounds by Wagner v. State
 
 687 S.W.2d 303 (Tex.Crim.App. [Panel Op.] 1984);
 
 Irving v. State,
 
 573 S.W.2d 5, 6 (Tex.Crim.App. [Panel Op.] 1978) (Prosecutor argued that jury should rely on his expertise in these matters.);
 
 Fowler v. State,
 
 500 S.W.2d 643, 643-44 (Tex.Crim.App.1973) (Prosecutor argued he was not going to prosecute a man that he didn’t feel in his own heart was guilty.);
 
 Clayton v. State,
 
 502 S.W.2d 755, 756 (Tex.Crim.App.1973) (Prosecutor argued he couldn’t be paid enough to come down and prosecute a man he didn’t know in his heart was guilty.);
 
 see also McKenzie v. State,
 
 617 S.W.2d 211, 221 (Tex.Crim.App. [Panel Op.] 1981);
 
 Hurd v. State,
 
 513 S.W.2d 936, 941 (Tex.Crim.App.1974).
 

 
 *270
 
 No matter how couched, however, the remarks of a prosecutor, speaking for the State, can often be construed as giving an opinion about what a verdict should be or what a proper punishment should be.
 

 Whether the prosecutor says “You should find him guilty” or “I submit you should find him guilty” or “I don’t think a not guilty verdict is appropriate and I don’t think you do either;” any of this phraseology could be called “giving a personal opinion” when in plain truth it is not violative of the prohibition against giving a personal opinion. We held, for instance, that similar phraseology, which sounded in one sense like a personal opinion, was in fact proper argument. There the prosecutor argued: “I don’t think probation is appropriate and I don’t think that you think probation is appropriate.”
 
 Frias v. State,
 
 775 S.W.2d 871, 874-75 (Tex.App.—Fort Worth 1989, no pet.). We said that this, in context, was a conclusion based both on the facts of the case and on factual reasons why probation was not appropriate.
 

 Thus, we perceive that there is often more to the prohibition against giving personal opinion than would be indicated by the literal meaning of the prohibition. When phraseology that sounds like personal opinion, such as the above, is, either overtly or inferentially, combined with special expertise, it is
 
 that
 
 combination that is prohibited.
 
 Johnson v. State,
 
 698 S.W.2d 154, 167 (Tex.Crim.App.1985). In
 
 Johnson,
 
 the Court of Criminal Appeals noted that the underlying prohibition against a prosecutor giving his personal opinion about a case is actually against the prosecutor giving an opinion
 
 and
 
 basing the opinion on special expertise, such as experience with many criminal cases.
 
 Id.
 
 at 167. The danger of expressing opinion based on special expertise is that the jury will rely upon both of them in deciding the question at issue.
 
 Id.
 
 Some cases have couched this as the jury receiving unsworn testimony of the prosecutor.
 
 See Brown v. State,
 
 165 Tex.Crim. 535, 309 S.W.2d 452, 453 (1958) (and cases cited therein). However the prohibition is couched, it is clear that it is improper for a prosecutor to give a personal opinion that is also, impliedly or overtly, based on his expertise as a prosecutor or based on some other special knowledge possessed by the prosecutor.
 

 In this case, we do not read the prosecutor’s remarks as either expressing a personal opinion or as implying special expertise. The prosecutor in very plain words gave the position of the State of Texas in the case, and that position was that these were not probation cases. We feel, as we did in
 
 Frias,
 
 that this argument did not violate the prohibition contained in the above cited cases. Point of error number three is overruled.
 

 The judgment of the trial court is affirmed.
 

 [1]
 

 . All references to code provisions contained in this opinion are to the Texas Penal Code unless otherwise noted.
 

 [2]
 

 . Conceivably, the circumstances surrounding his conduct, that the person being assaulted is elderly, could also come into play in a given case. That issue is not raised in this case.
 

 [3]
 

 .Assuming for the sake of argument that the evidence raises a defense of property defense under section 9.41, we note that such a charge
 
 *269
 
 was requested by the defense and was given by the court.
 

 [4]
 

 . Section 9.21(d)(2) provides that conduct is justified “if the actor reasonably believes ... (2) his conduct is required or authorized to assist a public servant in the performance of his official duty, even though the servant exceeds his lawful authority.” Tex Penal Code Ann. § 9.21(d)(2) (Vernon 1994).