NUMBER
13-05-208-CR

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

PAUL MANUEL
FERNANDEZ,                                                         Appellant,

                                                             v.

THE STATE OF TEXAS,                                                                    Appellee.

 

 

                    On appeal from the 197th District
Court

                                       of
Cameron County, Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Rodriguez and Garza

 

      Opinion by Chief
Justice Valdez

 

 

 








Appellant, Paul Fernandez, was found guilty of
injury to an elderly person and sentenced to two years= imprisonment in the Texas Department of Criminal
Justice.  On appeal, appellant argues the
following:  (1) the State failed to show
appellant knew the victim was elderly or that he specifically intended to
injure him, and (2) the victim=s statement that he was sixty-six years old is
factually insufficient to support appellant=s
conviction.  We affirm.    

I. BACKGROUND 

Appellant worked on a shrimping boat owned by Steve
Kotrulja and Pete Smirch, the victim. 
During a seventeen-day long job, appellant quit over a disputed
payment.  Smirch agreed to then give
appellant a ride back to Brazoria County. 
As Smirch sat in his truck, appellant entered the truck from the
passenger side and punched Smirch in the eye. 
Smirch stepped out of the truck and fell to the ground.  Appellant proceeded to kick Smirch in the
head and body.  Appellant was
subsequently subdued by the deckhands and captain of Smirch=s shrimp boat. 
At the time of the attack, Smirch was over sixty-five years old.  

II. INJURY TO AN ELDERLY INDIVIDUAL

By his first issue, appellant argues that the State
failed to show he knew Smirch was elderly or that it was his specific intent to
cause injury to an elderly individual.  

A. Applicable Law








A person commits bodily injury to an elderly
individual if he causes such act intentionally, knowingly, recklessly, or with
criminal negligence.  See Tex. Pen. Code Ann. ' 22.04(a)(3) (Vernon Supp. 2005).  In this section, an Aelderly individual@ means
a person sixty-five years of age or older. 
Id. ' 22.04(c)(2). 
An offense under subsection (a)(3) is a third degree felony when the
conduct is committed intentionally or knowingly.  Id. '
22.04(f).  An individual adjudged guilty
of a third degree felony shall be punished by imprisonment in the institutional
division for any term of not more than ten years or less than two years.  Id. '
12.34(a).         

B. Analysis

Appellant contends there is no evidence that he knew
that Smirch was elderly or that he intentionally caused Smirch=s injury. 
However, section 22.04 does not specifically require scienter with
respect to the victim=s age, and the State need not prove knowledge or
intent.  Zubia v. State, 998
S.W.2d 226, 227 (Tex. Crim. App. 1999); Huff v. State, 660 S.W.2d 635,
638 (Tex. App.BCorpus Christi 1983, pet. ref=d). 
Furthermore, this is a result-orientated offense.  Maupin v. State, 930 S.W.2d 267, 268
(Tex. App.BFort Worth 1996, pet. ref=d) (citing Kelly v. State, 748 S.W.2d 236,
239 (Tex. Crim. App. 1988)).  It is the
intent to cause the result, i.e., the bodily injury, that is the gravamen of
the offense.  See Samples v.
State, 762 S.W.2d 751, 752 (Tex. App.BFort Worth 1988, no pet.); see also Black v.
State, 26 S.W.3d 895, 898 (Tex. Crim. App. 2000).  Here, appellant intentionally struck Smirch
in the face and then kicked him about the head and body.  At the time of the attack, Smirch was at
least sixty-five years of age.  We
conclude that appellant=s rights were not violated because he was not
required to know that Smirch was elderly, and he intended to cause Smirch=s bodily injury, as evidenced by the multitude of
strikes upon him.  See Zubia, 998
S.W.2d at 227; see also Samples, 762 S.W.2d at 752.  

We overrule appellant=s
first issue.      

III. VICTIM=S
TESTIMONY








By his second issue, appellant argues that Smirch=s testimony as to his age at the time of the
incident, without more, is insufficient to support the factual requirement that
Smirch be sixty-five years or older.  At
trial, Smirch testified that he was sixty-six years of age at the time of the
attack.  A victim=s testimony as to their age at the time of the
alleged incident is sufficient to prove they were indeed a certain age on the
date of the offense.  See Jason v.
State, 589 S.W.2d 447, 449 (Tex. Crim. App. 1979); see also Gonzalez v.
State, 647 S.W.2d 369, 373 (Tex. App.BCorpus Christi 1983, pet. ref=d).  We
conclude Smirch=s testimony is legally sufficient to prove he was
sixty-five or older at the time of the offense. 
See Jason, 589 S.W.2d at 449. 
We overrule appellant=s second issue.  

IV. CONCLUSION

The judgment of the trial court is affirmed.   

 

 

                                                                                                                                           

Rogelio Valdez,

Chief Justice         

 

Do not publish.

Tex.
R. App. P. 47.2(b).

 

 

Memorandum Opinion
delivered and filed

this 2nd day of March,
2006.