COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-247-CR

 

KEITH VON=EDWARD COLLINS                                                       APPELLANT

 

   V.

 

THE STATE OF TEXAS                                                                 STATE



 

                                              ------------

 

           FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------      








A jury
found Appellant Keith Von=Edward Collins guilty of
possession of less than one gram of a controlled substance, namely cocaine, and
assessed his punishment at fifteen years=
confinement in the Institutional Division of the Texas Department of Criminal
Justice.  The trial court sentenced him
accordingly.  In four points, Collins
argues that the trial court committed reversible error by allowing a chemist to
testify, that the evidence was legally and factually insufficient to support
the guilty verdict, and that the State made an improper jury argument during
closing argument at the punishment phase. 
We will affirm.

I.  Factual and
Procedural Background

Fort
Worth Police Department Officer P.A. Woodward received a complaint from a
concerned citizen about pocket dealing[2]
occurring in the 1400 block of East Davis at all hours of the day and
night.  Officer Woodward and Officer R.C.
Stepp went to investigate the complaint and observed Collins standing in the
street among three cars when they arrived. 
Officer Woodward observed that Collins=s hands
were inside one of the vehicles through its open windows and that Collins was
talking to someone inside the same vehicle. 
When Officer Woodward got out of his marked patrol car and began
approaching Collins and the three vehicles, two of the vehicles drove off, but
Collins continued to stand with his hands inside the remaining vehicle.  








When
Officer Woodward told Collins that he needed to talk to him, Collins started
backing away and Officer Woodward grabbed his arm to prevent him from
running.  When Officer Woodward grabbed
Collins=s arm,
Collins used his free arm to throw two Aoff-white
looking@
objects, which Officers Woodward and Stepp believed to be crack cocaine.  Officer Stepp retrieved the two objects that
Collins threw and subsequently discovered a broken crack pipe clenched in
Collins=s
hand.  The retrieved objects tested
positive for cocaine.

II.  Chemist=s
Testimony

In his
first point, Collins argues that the trial court erred by admitting Elizabeth
Van Munchrath=s[3]
testimony because she testified from the report of another analyst and
therefore violated the hearsay rules.[4]  We review the admission of evidence under an
abuse of discretion standard.  Wyatt
v. State, 23 S.W.3d 18, 29 (Tex. Crim. App. 2000).








At
trial, MunchrathCa technical leader in the Fort
Worth Police Department Crime Lab=s chemistry
unitCtestified
that chemist Brandon Step, one of her subordinates who no longer worked for the
crime lab, had performed the analysis on the substance thrown by Collins.  Munchrath testified that she was responsible
for looking over all tests conducted by the analysts in her unit, including the
tests of the two objects thrown by Collins. 
Munchrath testified that she had reviewed the tests and procedures
utilized by the analyst testing the substances thrown by Collins and that if
she had conducted the analysis herself, she would have gotten the same results
as the analyst who actually tested the objects. 
Defense counsel objected when the State then asked Munchrath what those results
were, arguing that she lacked personal knowledge and that any response would be
hearsay.  The trial court overruled both
objections but granted a running objection based on lack of personal
knowledge.  Munchrath then testified that
the analyst who tested the two objects Awrote
down the result as 0.13 gram containing cocaine.@ 

Collins
objected later when the State offered Exhibit 4CStep=s test
resultsCinto
evidence on the grounds that Step was not available for cross-examination.  The trial court sustained that objection and
excluded the test results from evidence. 








The
court of criminal appeals has addressed the issue of whether the testimony of
an expert who bases her opinion on a report that has been prepared by one of
the expert=s subordinates is hearsay.  See Martinez, 22 S.W.3d at
507-08.  In Martinez, the court of
criminal appeals held that the present opinion of a testifying witness does not
constitute hearsay because it is not, and can never be, a statement other than
one made by the declarant testifying at trial. 
Id. at 508 (citing Aguilar v. State, 887 S.W.2d 27, 29
(Tex. Crim. App. 1994)).  When the facts
or data underlying an expert=s
opinion would be inadmissible in evidence, however, the court shall exclude the
underlying facts or data.  See Tex. R. Evid. 705 (d).  If inadmissible facts or data are disclosed
before the jury, a limiting instruction shall be given upon request.  Id. 

Here,
the State attempted to establish that the two Aoff-white
looking@ objects
were cocaine in two ways, by offering Step=s actual
report into evidence and by having Munchrath testify about her present opinion
based primarily on Step=s report.  The trial court properly sustained Collins=s timely
objection to the admission of the report prepared by Step and relied upon by
Munchrath.  Martinez, 22 S.W.3d at
508.  The trial court also, however,  properly admitted Munchrath=s expert
testimony because it was not hearsay and was not required to be based on
personal knowledge.  See id.  And even if Munchrath=s
testimony did improperly reveal underlying facts or data that were inadmissibleCfor
which rule 705 (d) would require the trial court to give a limiting instruction
upon requestCno limiting instruction was
requested.  See Tex. R. Evid. 705(d).  








For
these reasons, we hold that the trial court did not abuse its discretion by
admitting Munchrath=s testimony.  Accordingly, we overrule Collins=s first
point.

III.  Legal
& Factual Sufficiency

In his
second and third points, Collins contends that the evidence is both legally and
factually insufficient to support the jury=s
verdict.  

A.     Standards of Review

In
reviewing the legal sufficiency of the evidence to support a conviction, we
view all the evidence in the light most favorable to the verdict in order to
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307,
319, 99 S. Ct. 2781, 2789 (1979); Hampton v. State, 165 S.W.3d 691, 693
(Tex. Crim. App. 2005).








When
reviewing the factual sufficiency of the evidence to support a conviction, we view
all the evidence in a neutral light, favoring neither party.  Watson v. State, 204 S.W.3d 404, 414
(Tex. Crim. App. 2006); Drichas v. State, 175 S.W.3d 795, 799 (Tex.
Crim. App. 2005).  We then ask whether
the evidence supporting the conviction, although legally sufficient, is
nevertheless so weak that the fact-finder=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
fact-finder=s determination is manifestly
unjust.  Watson, 204 S.W.3d at
414-15, 417; Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000).  To reverse under the second
ground, we must determine, with some objective basis in the record, that the
great weight and preponderance of all the evidence, though legally sufficient,
contradicts the verdict.  Watson,
204 S.W.3d at 417.

Unless
the record clearly reveals that a different result is appropriate, we must defer
to the jury=s determination of the weight to
be given conflicting testimonial evidence because resolution Aoften
turns on an evaluation of credibility and demeanor, and those jurors were in
attendance when the testimony was delivered.@ Johnson,
23 S.W.3d at 8.  Thus, we must give due
deference to the fact-finder=s
determinations, Aparticularly those
determinations concerning the weight and credibility of the evidence.@  Id. at 9.

B.     Legally Sufficient Evidence

Collins
argues that the evidence is legally insufficient because Munchrath had no idea
whether the drugs tested by Step were the same drugs thrown by Collins and that
no trier of fact could have found the essential elements of the crime of
possession of a controlled substance beyond a reasonable doubt.








The
State had the burden of proving that Collins knowingly or intentionally
possessed less than one gram of cocaine. 
See Tex. Health &
Safety Code Ann. '' 481.115(a), 481.102(3)(D)
(Vernon 2003).  Possession is defined as
actual care, custody, control, or management. 
Id. at 481.002(38). 
Evidence supporting these elements may be direct or circumstantial.  Hudson v. State, 128 S.W.3d 367, 374
(Tex. App.CTexarkana 2004, no pet.). 

Officers
Woodward and Stepp both testified that they observed Collins throwing two
objects that they each believed to be cocaine. 
Officer Woodward identified State=s
Exhibit 2 as Athe two rocks that Mr. Collins
threw@ and
testified that Collins was in possession of the crack cocaine represented in
State=s
Exhibit 2.  Officer Stepp testified that
the two rocks in State=s Exhibit 2 were the same two
rocks that he recovered shortly after observing Collins throw them.  Munchrath testified that the two rocks contained
in State=s
Exhibit 2 were cocaine and that the lab number attached to State=s
Exhibit 2 matched up to the lab number on State=s
Exhibit 4Cthe formal chemistry report
positively identifying the two rocks as cocaine.  She also testified that the results in State=s
Exhibit 4 corresponded to what was tested in State=s
Exhibit 2.  








After
reviewing the evidence in the light most favorable to the verdict, it is clear
that a rational trier of fact could have found the essential elements of the
crime beyond a reasonable doubt.  As set
forth above, Officer Woodward, Officer Stepp, and Munchrath testified
concerning each element of the offense, and that testimony alone constitutes
legally sufficient evidence to support Collins=s
conviction.  See, e.g., Rice v.
State, 195 S.W.3d 876, 881 (Tex. App.CDallas
2006, pet. ref=d).  We overrule Collins=s second
point.

C.     Factually Sufficient Evidence








In a
twist on his first and second points, Collins argues in his third point that
because Munchrath had no personal knowledge of the drugs tested and could not
verify that they were the same drugs that he allegedly threw, the evidence is
factually insufficient to support his conviction.  But as we explained under Collins=s first
point, personal knowledge was not required for Munchrath=s expert
testimony to be admissible.  See
Martinez, 22 S.W.3d at 508.  And as
we discussed under Collins=s second
point, testimony exists that the drugs marked as State=s
Exhibit 2 tested positive for cocaine, were the Aoff-white
looking@ objects
that Officers Woodward and Stepp saw Collins throw, and were the objects that
Officer Stepp recovered at the scene of Collins=s
arrest.  The only slightly conflicting
evidence in the record on this issue came in Collins=s
cross-examination of Munchrath. 
Munchrath testified that she would not have any way of knowing if the
chemist who actually tested the cocaine in this case had tested the wrong
objects.  But Munchrath also testified
that the police department offense number and the lab=s own
report number given to Collins=s case
were the same on both State=s
Exhibits 2 and 4.  In addition to
verifying that these numbers matched up, Munchrath also testified that she
ensured that the results of the test matched and that all required procedures
were followed correctly.  

After
reviewing all of the evidence in a neutral light, favoring neither party, and
giving due deference to the jury=s
resolution of conflicting testimony, we hold that the proof of Collins=s guilt
is not so obviously weak as to undermine our confidence in the jury=s
determination.  See Johnson, 23
S.W.3d at 11.  We also hold that there is
no objective basis in the record for determining that the great weight and
preponderance of all the evidence, though legally sufficient, contradicts the
verdict.  Watson, 204 S.W.3d at
417.  We overrule Collins=s third
point.

IV.  Improper
Jury Argument








In his
fourth point, Collins argues that the prosecutor made an improper jury argument
at punishment by interjecting his personal opinion that fifteen years=
confinement would be appropriate punishment for Collins.[5]  Collins objected, and the trial court
sustained his objection, instructed the jury to disregard the prosecutor=s
comment, and denied Collins=s motion
for a mistrial.

When the trial
court sustains an objection and instructs the jury to disregard but denies a
defendant=s motion for a mistrial, the issue is
whether the trial court abused its discretion in denying the mistrial.  Hawkins v. State, 135 S.W.3d 72, 77
(Tex. Crim. App. 2004).  Only in extreme
circumstances, when the prejudice caused by the improper argument is incurableCAso prejudicial
that expenditure of further time and expense would be wasteful and futile@Cwill a mistrial be
required.  Id. (quoting Ladd v.
State 3 S.W. 3d 547, 567 (Tex. Crim. App. 1999), cert. denied, 529 U.S.
1070 (2000); see also Simpson v. State, 119 S.W.3d 262, 272 (Tex. Crim.
App. 2003), cert. denied, 542 U.S. 905 (2004).  In determining whether the trial court abused
its discretion in denying the mistrial, we balance three factors:  (1) the severity of the prejudicial effect,
(2) curative measures, and (3) the certainty of the punishment assessed absent
the misconduct.  Hawkins, 135
S.W.3d at 77; Mosley, 983 S.W.2d at 259.








Immediately
after the trial court denied Collins=s motion
for mistrial, the prosecutor told the jury that because of the Afacts of
this case, his priors, 15 years is a good deal for him, but it=s
you-all=s
decision.  You tell me what you-all want
to do.  Thank you.@  We question whether this later comment was an
objectionable jury argument or a proper plea for law enforcement.  See, e.g., Felder v. State, 848 S.W.2d 85,
94-95 (Tex. Crim. App. 1992) (recognizing plea for law enforcement is proper
area of jury argument), cert. denied, 510 U.S. 829 (1993).  Even if the later comment wasClike the
prosecutor=s first argumentCan objectionable
jury argument, we hold that by failing to object to this later comment, nothing
is presented for our review because Collins forfeited any issue relating
thereto.  See
Kelley v. State, 968 S.W.2d 395, 403 (Tex. App.CHouston
[14th Dist.] 1998, no pet.) (holding that right to complain of impermissible
jury argument forfeited if appellant fails to object continually).  Thus, because the fifteen-year punishment
recommendation was presented to the jury immediately after Collins=s motion
for mistrial, and was either a proper plea for law enforcement or an unobjected
to improper jury argument, it is impossible to conclude that the three factors
we are to consider establish an abuse of discretion.  We overrule Collins=s fourth
point.

V.  Conclusion

Having
overruled all four of Collins=s
points, we affirm the judgment of the trial court.   

 

                        SUE WALKER

                        JUSTICE

 

PANEL F:  DAUPHINOT, HOLMAN, and WALKER, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED: July 26, 2007











[1]See Tex. R. App. P. 47.4.





[2]Pocket dealing is the
term used when a person is trafficking or dealing narcotics from his or her
pocket. 





[3]At trial this witness is
most frequently referred to as Ms. Munchrath. 
But sometimes she is referred to and Ms. Van Munchrath.  For purposes of our opinion, we refer to her
simply as Munchrath.





[4]In the argument portion
of his brief, Collins also claims that Munchrath=s testimony violated his
Confrontation Clause and due process rights. 
But because these complaints were not raised in the trial court, they
are not properly before us.  See Tex. R.
App. P. 33.1(a)(1),
(2); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on
reh=g), cert. denied, 526 U.S.
1070 (1999); see also Martinez v. State, 22 S.W.3d 504, 507 n.7 (Tex.
Crim. App. 2000) (explaining that preservation of error is a systemic
requirement that this court should review on its own motion).      





[5]Specifically, the
prosecutorCan assistant district
attorneyCinformed the jury that
the district attorney gives him Afull authority to do whatever [he] want[s] to do
on [his] cases@ and stated that he
thought Collins Adeserves somewhere around
15" years.  This was an improper
argument.  See, e.g., Maupin v. State,
930 S.W.2d 267, 269-70 (Tex. App.CFort Worth 1996, pet. ref=d) (holding that it is
improper for prosecutor to interject personal opinion in statements to jury,
particularly where the opinion is either, overtly or inferentially, combined
with special expertise).