COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-247-CR

KEITH VON’EDWARD COLLINS APPELLANT

 V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------ 

A jury found Appellant Keith Von’Edward Collins guilty of possession of less than one gram of a controlled substance, namely cocaine, and assessed his punishment at fifteen years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  The trial court sentenced him accordingly.  In four points, Collins argues that the trial court committed reversible error by allowing a chemist to testify, that the evidence was legally and factually insufficient to support the guilty verdict, and that the State made an improper jury argument during closing argument at the punishment phase.  We will affirm.

I.  Factual and Procedural Background

Fort Worth Police Department Officer P.A. Woodward received a complaint from a concerned citizen about pocket dealing
(footnote: 2) occurring in the 1400 block of East Davis at all hours of the day and night.  Officer Woodward and Officer R.C. Stepp went to investigate the complaint and observed Collins standing in the street among three cars when they arrived.  Officer Woodward observed that Collins’s hands were inside one of the vehicles through its open windows and that Collins was talking to someone inside the same vehicle.  When Officer Woodward got out of his marked patrol car and began approaching Collins and the three vehicles, two of the vehicles drove off, but Collins continued to stand with his hands inside the remaining vehicle.  

When Officer Woodward told Collins that he needed to talk to him, Collins started backing away and Officer Woodward grabbed his arm to prevent him from running.  When Officer Woodward grabbed Collins’s arm, Collins used his free arm to throw two “off-white looking” objects, which Officers Woodward and Stepp believed to be crack cocaine.  Officer Stepp retrieved the two objects that Collins threw and subsequently discovered a broken crack pipe clenched in Collins’s hand.  The retrieved objects tested positive for cocaine.

II.  Chemist’s Testimony

In his first point, Collins argues that the trial court erred by admitting Elizabeth Van Munchrath’s
(footnote: 3) testimony because she testified from the report of another analyst and therefore violated the hearsay rules.
(footnote: 4)  We review the admission of evidence under an abuse of discretion standard.  
Wyatt v. State
, 23 S.W.3d 18, 29 (Tex. Crim. App. 2000).

At trial, Munchrath—a technical leader in the Fort Worth Police Department Crime Lab’s chemistry unit—testified that chemist Brandon Step, one of her subordinates who no longer worked for the crime lab, had performed the analysis on the substance thrown by Collins.  Munchrath testified that she was responsible for looking over all tests conducted by the analysts in her unit, including the tests of the two objects thrown by Collins.  Munchrath testified that she had reviewed the tests and procedures utilized by the analyst testing the substances thrown by Collins and that if she had conducted the analysis herself, she would have gotten the same results as the analyst who actually tested the objects.  Defense counsel objected when the State then asked Munchrath what those results were, arguing that she lacked personal knowledge and that any response would be hearsay.  The trial court overruled both objections but granted a running objection based on lack of personal knowledge.  Munchrath then testified that the analyst who tested the two objects “wrote down the result as 0.13 gram containing cocaine.” 

Collins objected later when the State offered Exhibit 4—Step’s test results—into evidence on the grounds that Step was not available for cross-examination.  The trial court sustained that objection and excluded the test results from evidence. 

The court of criminal appeals has addressed the issue of whether the testimony of an expert who bases her opinion on a report that has been prepared by one of the expert’s subordinates is hearsay.  
See Martinez
, 22 S.W.3d at 507-08.  In 
Martinez
, the court of criminal appeals held that the present opinion of a testifying witness does not constitute hearsay because it is not, and can never be, a statement other than one made by the declarant testifying at trial.  
Id
. at 508 (citing 
Aguilar v. State
, 887 S.W.2d 27, 29 (Tex. Crim. App. 1994)).  When the facts or data underlying an expert’s opinion would be inadmissible in evidence, however, the court shall exclude the underlying facts or data.  
See
 
Tex. R. Evid. 705
 (d).  If inadmissible facts or data are disclosed before the jury, a limiting instruction shall be given upon request.  
Id
. 

Here, the State attempted to establish that the two “off-white looking” objects were cocaine in two ways, by offering Step’s actual report into evidence and by having Munchrath testify about her present opinion based primarily on Step’s report.  The trial court properly sustained Collins’s timely objection to the admission of the report prepared by Step and relied upon by Munchrath.  
Martinez
, 22 S.W.3d at 508.  
The trial court also, however,  properly admitted Munchrath’s expert testimony because it was not hearsay and was not required to be based on personal knowledge.  
See id.
  And even if Munchrath’s testimony did improperly reveal underlying facts or data that were inadmissible—for which rule 705 (d) would require the trial court to give a limiting instruction upon request—no limiting instruction was requested.  
See 
Tex. R. Evid.
 705(d).  

For these reasons, we hold that the trial court did not abuse its discretion by admitting Munchrath’s testimony.  Accordingly, we overrule Collins’s first point.

III.  Legal & Factual Sufficiency

In his second and third points, Collins contends that the evidence is both legally and factually insufficient to support the jury’s verdict.  

A. Standards of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party.  
Watson v. State
, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); 
Drichas v. State
, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the fact-finder’s determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the fact-finder’s determination is manifestly unjust.  
Watson
, 204 S.W.3d at 414-15, 417; 
Johnson v. State
, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, though legally sufficient, contradicts the verdict.  
Watson
, 204 S.W.3d at 417.

Unless the record clearly reveals that a different result is appropriate, we must defer to the jury’s determination of the weight to be given conflicting testimonial evidence because resolution “often turns on an evaluation of credibility and demeanor, and those jurors were in attendance when the testimony was delivered.” 
Johnson
, 23 S.W.3d at 8.  Thus, we must give due deference to the fact-finder’s determinations, “particularly those determinations concerning the weight and credibility of the evidence.”  
Id
. at 9.

B. Legally Sufficient Evidence

Collins argues that the evidence is legally insufficient because Munchrath had no idea whether the drugs tested by Step were the same drugs thrown by Collins and that no trier of fact could have found the essential elements of the crime of possession of a controlled substance beyond a reasonable doubt.

The State had the burden of proving that Collins 
knowingly or intentionally possessed less than one gram of cocaine
.  
See
 
Tex. Health & Safety Code Ann.
 §
§ 481.115(a), 481.102(3)(D) (Vernon 2003).  Possession is defined as actual care, custody, control, or management.  
Id.
 at 481.002(38).  Evidence supporting these elements may be direct or circumstantial.  
Hudson v. State
, 128 S.W.3d 367, 374 (Tex. App.—Texarkana 2004, no pet.). 

Officers Woodward and Stepp both testified that they observed Collins throwing two objects that they each believed to be cocaine.  Officer Woodward identified State’s Exhibit 2 as “the two rocks that Mr. Collins threw” and testified that Collins was in possession of the crack cocaine represented in State’s Exhibit 2.  Officer Stepp testified that the two rocks in State’s Exhibit 2 were the same two rocks that he recovered shortly after observing Collins throw them.  Munchrath testified that the two rocks contained in State’s Exhibit 2 were cocaine and that the lab number attached to State’s Exhibit 2 matched up to the lab number on State’s Exhibit 4—the formal chemistry report positively identifying the two rocks as cocaine.  She also testified that the results in State’s Exhibit 4 corresponded to what was tested in State’s Exhibit 2.  

After reviewing the evidence in the light most favorable to 
the verdict, it is clear that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  As set forth above, Officer Woodward, Officer Stepp, and Munchrath testified concerning each element of the offense, and that testimony alone constitutes legally sufficient evidence to support Collins’s conviction
.  See, e.g.
, 
Rice v. State
, 195 S.W.3d 876
, 881 (Tex. App.—Dallas 2006, pet. ref’d).  We overrule Collins’s second point.

C. Factually Sufficient Evidence

In a twist on his first and second points, Collins argues in his third point that because Munchrath had no personal knowledge of the drugs tested and could not verify that they were the same drugs that he allegedly threw, the evidence is factually insufficient to support his conviction.  But as we explained under Collins’s first point, personal knowledge was not required for Munchrath’s expert testimony to be admissible.  
See Martinez
, 22 S.W.3d at 508.  And as we discussed under Collins’s second point, testimony exists that the drugs marked as State’s Exhibit 2 tested positive for cocaine, were the “off-white looking” objects that Officers Woodward and Stepp saw Collins throw, and were the objects that Officer Stepp recovered at the scene of Collins’s arrest.  The only slightly conflicting evidence in the record on this issue came in Collins’s cross-examination of Munchrath.  Munchrath testified that she would not have any way of knowing if the chemist who actually tested the cocaine in this case had tested the wrong objects.  But Munchrath also testified that the police department offense number and the lab’s own report number given to Collins’s case were the same on both State’s Exhibits 2 and 4.  In addition to verifying that these numbers matched up, Munchrath also testified that she ensured that the results of the test matched and that all required procedures were followed correctly.  

After reviewing all of the evidence in a neutral light, favoring neither party, and giving due deference to the jury’s resolution of conflicting testimony, we hold that the proof of Collins’s guilt is not so obviously weak as to undermine our confidence in the jury’s determination.  
See 
Johnson
, 23 S.W.3d at 11.  We also hold that there is no objective basis in the record for determining that the great weight and preponderance of all the evidence, though legally sufficient, contradicts the verdict.  
Watson
, 204 S.W.3d at 417.  We overrule Collins’s third point.

IV.  Improper Jury Argument

In his fourth point, Collins argues that the prosecutor made an improper jury argument at punishment by interjecting his personal opinion that fifteen years’ confinement would be appropriate punishment for Collins.
(footnote: 5)  Collins objected, and the trial court sustained his objection, instructed the jury to disregard the prosecutor’s comment, and denied Collins’s motion for a mistrial.

When the trial court sustains an objection and instructs the jury to disregard but denies a defendant’s motion for a mistrial, the issue is whether the trial court abused its discretion in denying the mistrial.  
Hawkins v. State
, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).  Only in extreme circumstances, when the prejudice caused by the improper argument is incurable—“so prejudicial that expenditure of further time and expense would be wasteful and futile”—will a mistrial be required.  
Id. 
(quoting 
Ladd v. State 
3 S.W. 3d 547, 567 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1070 (2000)
; see also Simpson v. State,
 119 S.W.3d 262, 272 (Tex. Crim. App. 2003), 
cert. denied,
 542 U.S. 905 (2004).  In determining whether the trial court abused its discretion in denying the mistrial, we balance three factors:  (1) the severity of the prejudicial effect, (2) curative measures, and (3) the certainty of the punishment assessed absent the misconduct.  
Hawkins,
 135 S.W.3d at 77; 
Mosley
, 983 S.W.2d at 259.

Immediately after the trial court denied Collins’s motion for mistrial, the prosecutor told the jury that because of the “facts of this case, his priors, 15 years is a good deal for him, but it’s you-all’s decision.  You tell me what you-all want to do.  Thank you.”  We question whether this later comment was an objectionable jury argument or a proper plea for law enforcement.  
See, e.g.
, 
Felder v. State
, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992) (recognizing 
plea for law enforcement is proper area of jury argument)
, 
cert. denied
, 510 U.S. 829 (1993).  Even if the later comment was—like the prosecutor’s first argument—an objectionable jury argument, we hold that by failing to object to this later comment, nothing is presented for our review because Collins forfeited any issue relating thereto.  
See Kelley v. State
, 968 S.W.2d 395, 403 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (holding that right to complain of impermissible jury argument forfeited if appellant fails to object continually).  Thus, because the fifteen-year punishment recommendation was presented to the jury immediately after Collins’s motion for mistrial, and was either a proper plea for law enforcement or an unobjected to improper jury argument, it is impossible to conclude that the three factors we are to consider establish an abuse of discretion.  We overrule Collins’s fourth point.

V.  Conclusion

Having overruled all four of Collins’s points, we affirm the judgment of the trial court. 

 SUE WALKER

 JUSTICE

PANEL F:  DAUPHINOT, HOLMAN, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: July 26, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Pocket dealing is the term used when a person is trafficking or dealing narcotics from his or her pocket. 

3:
At trial this witness is most frequently referred to as Ms. Munchrath.  But sometimes she is referred to and Ms. Van Munchrath.  For purposes of our opinion, we refer to her simply as Munchrath.

4:
In the argument portion of his brief, Collins also claims that Munchrath’s testimony violated his Confrontation Clause and due process rights.  But because these complaints were not raised in the trial court, they are not properly before us.  
See
 
Tex. R. App. P.
 33.1(a)(1), (2); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999); 
see also Martinez v. State
, 22 S.W.3d 504, 507 n.7 (Tex. Crim. App. 2000) (explaining that preservation of error is a systemic requirement that this court should review on its own motion).  
  
  

5:
Specifically, the prosecutor—an assistant district attorney—informed the jury that the district attorney gives him “full authority to do whatever [he] want[s] to do on [his] cases” and stated that he thought Collins “deserves somewhere around 15" years.  This was an improper argument.  
See, e.g., Maupin v. State
, 930 S.W.2d 267, 269-70 (Tex. App.—Fort Worth 1996, pet. ref’d) (holding that it is improper for prosecutor to interject personal opinion in statements to jury, particularly where the opinion is either, overtly or inferentially, combined with special expertise).